UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL NO. 3:08-cr-126-DPJ-LRA

RODDRICK BOURNE

ORDER

This criminal matter is before the Court to consider revoking Defendant Roddrick

Bourne's supervised release.  An evidentiary hearing was held March 28, 2014.  At its end, the

Government requested and was granted permission to file a post-hearing brief, which it then

declined to file until asked to do so by the Court.  The Government thereafter filed a Motion to

Revoke [45], and Bourne filed a response [46].  Having heard the evidence and read the briefs,

the Court finds that the Government's motion should be denied, Bourne should be released from

custody, and he shall remain on supervised release.

I.      Findings of Fact

Bourne pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1).  He was sentenced to 49 months imprisonment with three years of supervised

release, which began January 26, 2012.  The first two years of that period passed without incident

as Bourne remained gainfully employed.  But on January 16, 2014, he was found near a gun and

was arrested by the Jackson Police Department for being a felon in the possession of a firearm.

On that day, Bourne visited a cousin's apartment to use the bathroom and then sat on an

L-shaped couch.  Another individual, Anthony Brown, was lying on the couch—as was the

disputed firearm.  Shortly after Bourne took his seat, the Jackson Police Department entered to

serve a warrant for suspected drugs.  One of those officers, Detective Roy Dickerson, saw

Bourne and Brown on the couch and also saw the firearm partially under a pillow.  Based on

Dickerson's testimony, it seems reasonable to conclude that Brown was resting his head on the

pillow under which the gun was found.  Even if he was not, the Court credits Detective

Dickerson's testimony that the gun was "almost directly underneath" Brown's head.  The Court

further credits Dickerson's testimony that Bourne admitted seeing the gun when he arrived and

that Bourne could have reached for it though he was not sitting right next to Brown on the couch.

II.      Analysis

A court may revoke a term of supervised release if it "finds by a preponderance of the

evidence that a defendant has violated a condition of supervised release."  *United States v.*

*Hampton*, 633 F.3d 334, 337 (5th Cir. 2011).  One of the conditions of Bourne's supervised

release is that he not violate state or federal law, both of which preclude him from possessing a

firearm.

A.      State Law

The Government contends that Bourne possessed the firearm.  But because there is no

credible proof that he was in actual possession, it argues that he constructively possessed the

weapon found in the apartment.  As explained by the Mississippi Supreme Court in *Curry v.*

*State*, to establish constructive possession

> there must be sufficient facts to warrant a finding that defendant was aware of the
> presence and character of the particular substance and was intentionally and
> consciously in possession of it.  It need not be actual physical possession.
> Constructive possession may be shown by establishing that the [contraband]
> involved was subject to his dominion or control.  Proximity is usually an essential
> element, but by itself is not adequate in the absence of other incriminating
> circumstances.

249 So. 2d 414, 416 (Miss. 1971); *see also Johnson v. State*, 81 So. 3d 1020, 1023 (Miss. 2011).[1]

As noted, physical proximity is not alone sufficient.  Indeed, the Mississippi Supreme Court has frequently reversed convictions where the state failed to establish more than mere proximity.  *See, e.g.*, *Johnson*, 81 So. 3d at 1023; *Hudson v. State*, 30 So. 3d 1199, 1204 (Miss. 2010); *Dixon v. State*, 953 So. 2d 1108, 1112–13 (Miss. 2007) (reversing conviction and holding that physical proximity is not enough; "there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband . . . ." (quotation marks, emphasis, and citation omitted));  *Naylor v. State*, 730 So. 2d 561, 566 (Miss. 1998); *Jones v. State*, 693 So. 2d 375, 377 (Miss. 1997).

The Mississippi Supreme Court's holding in *Martin v. State* is particularly relevant.  804 So. 2d 967 (Miss. 2001).  There, the defendant was found standing over a Tupperware bowl full of marijuana and confessed that he knew the drugs were present when he visited the house.  The court nevertheless reversed the constructive-possession conviction because the state proved proximity but not dominion or control.  *Id*. at 970 (holding that "Martin's mere presence in the kitchen area where the marijuana was found, without more, is simply not enough").

So the question is whether Bourne exercised dominion or control over the gun. Dominion is defined as "absolute ownership."  "Dominion," *Webster's Third International Dictionary* 672 (1981).  And to control is "to exercise restraining or directing influence over." "Control," *Webster's Third International Dictionary* 496 (1981).  Given that the gun was almost directly under Brown's head under his pillow, Bourne did not have absolute ownership of the

---

[1] Later cases added a presumption of constructive possession where the defendant exercised dominion or control over the premises or vehicle where the contraband is found.  *See Hamburg v. State*, 248 So. 2d 430 (Miss. 1971).  But no such contention is made in this case.

weapon or exercise restraining influence over it.  Indeed these facts are not as strong as those found insufficient in *Martin*.

The Government does attempt to bolster its position by correctly observing that a high-capacity magazine was found near Bourne's feet and a holster was found in a car Bourne drove.  But these facts do not change the result.  While the magazine helps establish Bourne's knowledge that a gun was present, mere knowledge of the contraband is not sufficient.  *Martin*, 804 So. 2d at 970.  There is no indication that Bourne possessed the magazine or that it somehow linked him to the gun under Brown's head.

And as for the holster, Dickerson testified that he saw but never recovered a random holster in the back seat of a car outside the apartment.  It was never established that the holster and gun went together—at most, the officer testified that it looked like the gun would fit in the holster.   And though it appears that Bourne had driven that car, he testified without contradiction that he had borrowed it.  These facts are similar to those in *Ferrell v. State*, where the Mississippi Supreme Court reversed a constructive-possession conviction though the drugs were found in a matchbox next to the driver seat of a car the defendant had borrowed.  649 So.2d 831, 835 (Miss. 1995).  The mere presence of an empty holster in the back of the car Bourne apparently borrowed is not enough to show he possessed a firearm—the gun could have been removed because Bourne may not legally possess one.  Moreover, the holster is not enough to find that he owned this particular gun or was exercising dominion or control over it while under Brown's head.

So while the government has shown that Bourne was in physical proximity to the firearm and knew that it was present, it has not demonstrated dominion or control by a preponderance of the evidence.  It has not shown Bourne "consciously exercised control over the contraband . . . ."

*Dixon*, 953 So. 2d at 1112–13.  Constructive possession has not been established under Mississippi law.

> B.      Federal Law

The Government's motion limits itself to the argument that Bourne violated state law and makes no suggestion that he violated federal law.  The issue is therefore waived.  But even if not waived, the result would be the same because the law is essentially the same.  *See United States v. Saulsberry*, 503 F. App'x 265, 266 (5th Cir. 2012) (requiring proof of dominion or control); *United States v. Reed*, 277 F. App'x 357, 361 (5th Cir. 2008) ("'[M]ore evidence than mere physical proximity of the defendant to the [firearm] is required.'" (quoting *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992)) (alterations in original)); *United States v. Quiroz-Hernandez*, 48 F.3d 858, 865 (5th Cir. 1995) (holding that "mere proximity to the contraband is not enough").

III.    Conclusion

This case represents the first suggestion that Bourne has failed to follow the conditions of his supervised release since leaving prison in 2012.  But he jeopardized his freedom by entering and then lingering in an apartment where guns were found.  He would be well advised to be more diligent in the future.  That said, the Court is not convinced that he was in constructive possession of the gun as charged.  And for that reason, the Government's motion to revoke Bourne's supervised release [45] is denied.  Bourne shall be expeditiously released from the custody of the United States Marshals Service to resume supervised release.

> **SO ORDERED AND ADJUDGED** this the 9th day of April, 2014.

> > s/ *Daniel P. Jordan III*
> > UNITED STATES DISTRICT JUDGE